IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DELVIN BURGOS-HERNANDEZ
WALLYS HERNANDEZ-COLON, on her
behalf and on behalf of the minor GIMALYS
COLLAZO-HERNANDEZ

Plaintiffs

vs                                                              CIVIL 07-1642CCC

THE COMMONWEALTH OF PUERTO
RICO;
PEDRO TOLEDO, as SUPERINTENDENT
OF THE PUERTO RICO POLICE
DEPARTMENT;
PUERTO RICO POLICE OFFICER JOSE
MOLINA;
PUERTO RICO POLICE OFFICERS JOHN
DOE AND RICHARD ROE
INSURANCE COMPANY XYZ

Defendants

## OPINION AND ORDER

        This action arises from events of September 18, 2006 involving the automobile

pursuit and subsequent arrest of plaintiff Delvin Burgos Hernández by Puerto Rico police

officers, filed pursuant to 42 U.S.C. §1983 for violation of civil rights protected by the Fourth,

Fifth and Fourteenth Amendments of the United States Constitution.[1]  It is now before us on

two motions to dismiss.

        The first Motion to Dismiss, filed by the Commonwealth of Puerto Rico on October

24, 2007 (**docket entry 8**), raised the defense of sovereign immunity under the Eleventh

Amendment.  In their opposition to the motion (**docket entry 14**), plaintiffs concede the

sovereign immunity, but only as to the §1983 claims.  They contend that this Court has

jurisdiction against the Commonwealth because it has consented in 32 L.P.R.A. §3077 to

be sued for violations of  Article 1802 of the Civil Code of Puerto Rico 31 L.P.R.A. §3141.

---

        [1]Although the jurisdictional paragraph identifies article 1802 of the Civil Code of
Puerto Rico, 31 L.P.R.A. §5141 as a source of a claim, no such claim is contained in the
complaint.

CIVIL 07-1642CCC                                    2

The consent to suit against the Commonwealth. set forth in §3077 is a limited one: "Authorization is hereby granted to sue the Commonwealth of Puerto Rico before the Court of First Instance of Puerto Rico for the causes set forth in the following actions...." (Emphasis ours) See, Cortés v. Commonwealth of Puerto Rico, 422 F.2d 1309, (1st Cir. 1970).  In sum, the Commonwealth of Puerto Rico has not consented to be sued in federal court pursuant to this section.

The second Motion to Dismiss of the same date, filed by defendant Superintendent of the Puerto Rico Police Department Pedro Toledo-Dávila (**docket entry 9**), raises six defenses as bars to our subject matter jurisdiction:  (1) Eleventh Amendment immunity in his official capacity; (2) failure to state a claim against him under §1983 upon which relief can be granted; (3) entitlement to qualified immunity in his individual capacity; (4) inapplicability of the Fifth Amendment to state employees; (5) liability under the theory of respondeat superior is inapplicable; and (6) plaintiff Wallys Hernández Colón's lack of standing to sue under 42 U.S.C. §1983 by plaintiff, in her individual capacity and in representation of minor Gimalys Collazo Hernández .

Plaintiffs opposed the motion (docket entry 15).[2]

To state a claim under §1983, a plaintiff must allege two elements:  (1) that the conduct complained of has been committed under color of state law, and (2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States. Barreto Rivera v. Medina-Vargas, 168 F.3d. 42, 45 (1st Cir. 1999).  To satisfy the second element, plaintiffs must show that the defendants conduct was the cause in fact of the alleged deprivation.  Rodríguez Cirio v. García, 115 F.3d.50, 52 (1st Cir., 1997).

The pleading requirements established under Fed.R.Cv.P. 8(a) are minimal; "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence

---

[2]Movants' Motion to Strike and Motion to Adjudicate Unopposed Motions to Dismiss (Dockets No. 8 and 9) (**docket entry 16**) is DENIED.

CIVIL 07-1642CCC                                    3

either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 122 S.Ct. 992 (2002); see also Scheuer v. Rhodes, 416 U.S. 232, 236; 94 S.Ct. 1683.

Plaintiffs have conceded that recovery on claims under 42 U.S.C. §1983 against Superintendent Toledo in his official capacity are precluded and that the argument against a due process claim under the Fifth Amendment is legally sound. Therefore, they acquiesce to the dismissal of said claims. However, plaintiffs have raised sound objections to the dismissal at this point based on the other defenses.

Failure to State a Claim/ Respondeat Superior

Contrary to movant's contention that no direct actions involved Toledo personally, and that the respondeat superior theory is inapplicable, the complaint does, in fact, make such allegations and does not rely on a theory of supervisory liability:

> 27. The Honorable Pedro Toledo is the Superintendent of the Puerto Rico Police Department. As such, he had the obligation to periodically evaluate, train and properly supervise Puerto Rico Police officers Molina, John Doe and Richard Roe. He also had a duty to develop and implement regulations for PRPD officers in the proper use and discharge of firearms, and in the proper use of force in the detention of persons, and to train them according to those regulations.

> 28. Superintendent Toledo did not properly evaluate, train and supervise PRPD officers Matias and/or John Doe. He also failed to develop, provide and implement an adequate training program for PRPD officers in the use and discharge of their firearm and the proper use of force in the detention of persons.

> 29. This failure by Superintendent Toledo shows an official policy or custom of gross negligence and deliberate indifference to the constitutional rights of the people of Puerto Rico, including plaintiffs. His omissions resulted in the violation of plaintiffs' constitutional right....

CIVIL 07-1642CCC                                        4

Liability may attach if a responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights violation. Camilo-Robles v. Zapata, 175 F.3d. 41, 44 (1st Cir. 1999). Under such a theory, a supervisor may be brought to book even though his actions have not directly abridged someone's rights; it is enough that he has created or overlooked a clear risk of future unlawful action by a lower echelon actor over whom he had some degree of control. Id.

Qualified Immunity

Although Toledo Dávila invokes qualified immunity and sets forth the parameters that the Court must address in deciding its applicability, he provides no factual basis or analysis on which the Court can make a determination. He has not identified what constitutional right in question was not clearly established at the time of the alleged violation, see, St. Hilaire v. City of Laconia, 71 F.3d. 20 24 (1st Cir. 1995), nor how or why a reasonable official would believe that his actions did not violate that right. Acevedo García v. Vera Monroig, 204 F.3d. 1, 10 (1st Cir. 2000). Moreover, the application of qualified immunity to supervisory action such as that alleged here is, to a substantial extent, a fact-dependent, gray area. Camilo-Robles, supra, sets out a comprehensive discussion of the problems encountered in such situations.

Plaintiffs Wallys Hernández Colín and Gimalys Collazo Hernández .

Contrary to Movant's contention that these two plaintiffs do not have standing to sue under §1983, the allegations of the complaint clearly set forth a claim of use of excessive force by police officers against them in violation of the Fourth Amendment:

> 13. . . . the police officers, who arrived behind [Delvin Burgos] forcefully broke into the house, breaking down several doors in the process. The PRPD officers, who had their

CIVIL 07-1642CCC                                            5

> weapons drawn and were screaming, violently threw co-plaintiffs
> Wally Hernández Colón and Grimalys Collazo Hernádez to the
> ground.
>         . . .
>
>        32. PRPD officers . . .  invaded the privacy of [Hernández
> Colón and Collazo Hernández]' home, violently threw them to
> the ground, aimed their weapons at them and carried out an
> illegal search of the house.

At this point in the judicial process, plaintiffs have met the requirements of

Swierkiewicz.

For the above stated reasons, the Commonwealth of Puerto Rico's Motion to Dismiss

(**docket entry 8**) is GRANTED in its totality and all claims against it are DISMISSED.  The

Motion filed by co-defendant Pedro Toledo-Dávila (**docket entry 9**) is GRANTED in PART

and DENIED in PART:   The motion is Granted as to the claims against him in his official

capacity and claims under the Fifth Amendment which are Dismissed.  The Motion is Denied

as to the §1983 claims alleged against him in his personal capacity, the defense of qualified

immunity, and the §1983 claims averred by Wallys Hernández Colón and Gimalys Collazo

Hernández.

SO ORDERED.

At San Juan, Puerto Rico, on August 28, 2008.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge